IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LANCE DANIEL WELLS                                                                                PLAINTIFF

v.                                           Civil No. 1:19-cv-01057

NURSE STEPHANIE HOLMES, Ouachita
County Detention Center; SHERIFF NORWOOD;
CAPTAIN OWENS; and DEPUTY CHRIS
WILLIAMS                                                                                           DEFENDANTS

**ORDER**

    Plaintiff Lance Daniel Wells filed this 42 U.S.C. § 1983 action *pro se* on December 3, 2019.  (ECF No. 1).  On February 12, 2020, Plaintiff filed an Amended Complaint.  (ECF No. 14).  On February 13, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 17).  Before the Court is Plaintiff's failure to comply with a Court order.

    On August 12, 2020, Defendants filed a Motion to Dismiss stating they have been unable to effect service of correspondence on Plaintiff.  (ECF No. 29).  Counsel for Defendants filed an affidavit stating correspondence sent to Plaintiff at his address of record on July 27, 2020 was returned to counsel marked "Paroled" and "Return to Sender" on August 6, 2020.  (ECF No. 31).  On August 12, 2020, the Court entered an order directing Plaintiff to file a response to Defendants' Motion to Dismiss by September 2, 2020.  (ECF No. 32).  The order informed Plaintiff that failure to timely and properly comply with the order would result in this case being dismissed.  *Id.*  On September 10, 2020, the order was returned to the Court as undeliverable indicating "Paroled" and "Return to Sender".  (ECF No. 34).

1

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order". *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to inform the Court of his current address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 29) is GRANTED. Plaintiff's Amended Complaint (ECF No. 14) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this **14th day of September 2020**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE